UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | CHAPTER 13 |
|     WAYNE JOHN DELILLO, AKA : | |
|     WAYNE J. DELILLO, AKA : | |
|     WAYNE DELILLO and : | |
|     ELIZABETH ANNE DELILLO, AKA : | |
|     ELIZABETH DELILLO, AKA : | |
|     ELIZABETH A. DELILLO, : | |
|         Debtors : | |
| : | |
| JACK N. ZAHAROPOULOS, : | |
| STANDING CHAPTER 13 TRUSTEE, : | |
|     Movant : | |
| : | |
|     vs. : | |
| : | |
| WAYNE JOHN DELILLO, AKA : | |
| WAYNE J. DELILLO, AKA : | |
| WAYNE DELILLO and : | |
| ELIZABETH ANNE DELILLO, AKA : | |
| ELIZABETH DELILLO, AKA : | |
| ELIZABETH A. DELILLO, : | |
|     Respondents : | CASE NO. 5-25-bk-01538-MJC |

TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 1st day of July 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Agatha R. McHale, Esquire, and objects to the confirmation of the above-referenced Debtors' Plan for the following reasons:

1. Debtors' Plan violates 11 U.S.C. § 1322(a)(2) in that Debtors have not provided for full payment, in deferred cash payments, of all claims entitled to priority under 11 U.S.C. § 507. Claim #7 by New York City Office of Child Support Enforcement must be paid in full in the Plan.

2. Debtors' Plan violates 11 U.S.C. § 1332(b)(1) in that the Plan classifies unsecured claims but unfairly discriminates certain claims in the designation. More specifically, the Plan provides for payment of:

    a. Transfer. Husband added to the Deed in 2024.

3. Debtors' Plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount

that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, Debtors have access to non-exempt equity in the following:

    a. Property held as tenants by the entireties to the extent of joint claims.

4. Trustee avers that Debtors' Plan is not feasible based upon the following:

    a. The Plan is underfunded relative to claims to be paid.

5. Debtors have not provided Trustee with information needed in order for Trustee to comply with § 1302(b)(6).

6. Trustee avers that Debtors' Plan cannot be administered due to the lack of the following:

    a. Debtors have not provided Trustee with a 6-month Profit and Loss Statement for 2025.
    b. Debtors have not provided Trustee with copies of their credit reports.

WHEREFORE, Trustee alleges and avers that Debtors' Plan cannot be confirmed, and therefore, Trustee prays that this Honorable Court will:

    a. deny confirmation of Debtors' Plan;
    b. dismiss or convert Debtors' case; and
    c. provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Agatha R. McHale, Esquire
    Attorney for Trustee

CERTIFICATE OF SERVICE

AND NOW, this 1st day of July 2025, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first-class mail, addressed to the following:

Tullio DeLuca, Esquire
Law Office of Tullio DeLuca
381 North 9th Avenue
Scranton, PA 18504

/s/ Derek M. Strouphauer, Paralegal
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee