# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:

WAYNE JOHN DELILLO **and**
ELIZABETH ANNE DELILLO

\* Debtor(s)

Case Number: 5-25-01538
Chapter:     **13**

## <u>CERTIFICATE OF MAILING</u>

**The undersigned employee in the office of:**

**Tullio DeLuca, Esquire**
_____

**hereby certifies that a copy of the attached Notice and Motion to Approve Partial**

**Claim was mailed today to all parties named on the mailing list attached hereto by**

**regular first class mail.**

**DATED: August 8, 2025**

**SIGNED:** _ /s/Lisa Manchak_____

**TITLE:** _ /s/Legal Assistant_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE JOHN DELILLO | CHAPTER 13 |
| a/k/a Wayne DeLillo | |
| a/k/a Wayne J. DeLillo | |
| and | |
| ELIZABETH ANNE DELILLO | |
| a/k/a Elizabeth A. DeLillo | |
| a/k/a Elizabeth DeLillo | |
| | CASE NO. 5-25-01538 |
| Debtor(s) | |

**************************************************************************

<u>NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST</u>

**************************************************************************

NOTICE IS HEREBY GIVEN that Debtor filed a Motion to Approve partial Claim with the United States Bankruptcy Court for the Middle District Court of Pennsylvania. Pursuant to Local Rule 2002-1(a), the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection/response on or before **August 29, 2025.** If you object to the relief requested, you must file your objection/response with the Clerk of Court and serve a copy on the movant and movant's attorney, if one is designated. If you file an serve an objection/response within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will deem the motion unopposed and proceed to consider the motion without further notice or hearing, and may grant the relief requested. All objections shall conform to the Federal Rules of Bankruptcy Procedure and shall be served upon Debtors' Counsel and upon Chapter 13 Trustee. Hearing on any Answers or Objections will be heard on April 10, 2025 at 10:00 a.m. at the US Courthouse, 197 S. Main St., Wilkes-Barre, PA.

If no objections are timely filed and served upon the following individuals, the Court may enter an Order granting the Motion to Incur New Debt to obtain refinance mortgage.

Tullio DeLuca, Esquire
381 N 9th Avenue
Scranton PA 18504
[Attorney for Debtor(s)}

Date of Notice:     August 08, 2025

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE JOHN DELILLO      |      CHAPTER 13
a/k/a Wayne DeLillo      |
a/k/a Wayne J. DeLillo      |
and      |
ELIZABETH ANNE DELILLO      |
a/k/a Elizabeth A. DeLillo      |
a/k/a Elizabeth DeLillo      |
     |      CASE NO. 5-25-01538
      Debtor(s)      |

**MOTION TO APPROVE PARTIAL CLAIM**

AND NOW COMES, the Debtors, Wayne John DeLillo and Elizabeth Anne DeLillo, by and through their attorney, Tullio DeLuca, Esquire, and respectfully represents:

1. That the Debtor filed a Chapter 13 Petition with the United States Bankruptcy Court for the Middle District of Pennsylvania.

2. Jack N. Zaharopoulos, Esquire was appointed the standing Chapter 13 Trustee.

3. Loandepot.com, LLC is the holder of a secured claim in the amount of $132,275.00, secured by the Debtor's property located at 129 Wren Ln, Bushkill, PA 18324, referred to as the "Property."

4. The parties wish to modify the terms of the existing loan documents. As this is an FHA loan the Department of Housing and Urban Development has agreed to advance the Debtor's delinquent loan payments in exchange for a subordinate note and subordinate mortgage, as outlined in the proposed Partial Claim Offer attached hereto an made a part hereof as EXHIBIT A.

5. On June 27, 2025, the Debtor(s) executed a Second Partial Claim Note and Second Partial Claim Mortgage in the amount of $17,270.14, secured by Debtor's Property. See EXHIBIT A attached hereto and made a part hereof.

6. Under the proposed agreement, the amount of $17,270.14 will be part of a deferred balance to be evidenced by Second Partial Claim Note and Second Partial Claim Mortgage that have been executed by the Debtor.

7. The Debtor will not be required to make any monthly payments on the Second Partial Claim Note and Second Partial Claim Mortgage until any of the following occur:

a. The maturity date of 08/01/2054;

b. The borrower has paid in full all amounts due under the primary note and related mortgage;

c. The maturity date of primary Note has been accelerated, or

d. The primary note and related mortgage are no longer insured by the Secretary.

8. It is believed and averred that the proposed Partial Claim Offer for a Subordinate Note and Subordinate Mortgage is in the best interest of the parties.

9. Debtor will be required to continue making all post modification payments, as of the effective date of the modification agreement, on or before their due date until such time as court approval is granted and the modification is finalized. Failure to maintain post modification payments may result in the modification being denied by the servicer, upon filing proper notification with the Bankruptcy Court.

WHEREFORE, Movant respectfully requests this Honorable Court to grant Loandepot.com, LLC Motion and Order that the parties may proceed with the Partial Claim Offer for a Subordinate Note and Subordinate Mortgage with regard to Debtor's loan.

Respectfully submitted,

Dated: __August 8, 2025__                   _____
Tullio DeLuca, Esquire
PA ID # 59887
381 N. 9th Avenue
Scranton, Pa 18504
(570) 347-7764
Attorney for Debtor

# Collateral Subordinate Docs

## (Indexed Returned Doc as <u>Signed Final Mod Agreement</u>)

Date: 07-01-2025     Document Version: Version 06_16_2025_13_00_07

Is the Subordinate Document the correct and most recent version?  YES

Is the Subordinate Document unmarked?  YES

Is the Subordinate Document signed by all borrowers?  YES

Did each borrower date their signature lines?  YES

Is the notary section correctly completed?  YES

Do the borrowers' signature dates match the notary date?  YES

Are the signatures original/"wet" signatures?  YES

**JUNE 27, 2025**



**QC Pass**

## Limited Power of Attorney

Lender: **LOANDEPOT.COM LLC**

Borrower: **ELIZABETH DAGNONE AND WAYNE DELILLO AND ELIZABETH DELILLO**

Property Address: **129 WREN LN, BUSHKILL, PENNSYLVANIA 18324**

The undersigned party(ies) hereby grant to Covius Settlement Services, LLC, as Settlement Agent, a Limited Power of Attorney to correct the following typographical or clerical errors discovered on the partial claim security instrument and to correct, execute, and/or initial changes to the documents on my/our behalf:

- Errors with the borrower's name(s) including, but not limited to, incorrect, missing, or misspelled name(s);
- Errors with the property address including, but not limited to, incorrect, missing, or misspelled street, city or town names and incorrect or missing house number(s);
- Errors in the legal description;
- Errors in the Tax Map or Parcel Identification Number;
- Errors with the description of any previously recorded documents impacting title to the property, including but not limited to, incorrect or missing book, page, or instrument numbers, incorrect or missing dates of recording, incorrect or missing identification of the most recently recorded document; and
- Errors with the applicable county or municipality name including incorrect, missing, or misspelled county or municipality names.

This Power of Attorney is limited to the rights granted herein and may not be used to change the substantive terms of the undersigned's partial claim security instrument.

In WITNESS WHEREOF, the undersigned have executed this Limited Power of Attorney as of the date and year written.

_____     Execution Date: 6 27 2025
**ELIZABETH DAGNONE**

_____     Execution Date: 6 27 2025
**WAYNE DELILLO**

_____     Execution Date: 6 27 25
**ELIZABETH DELILLO**

State of PENNSYLVANIA
County of __Monroe__
Enter County Here

On this, the __27__ day of __June__ , __2025__ , before me, the undersigned officer, personally appeared **ELIZABETH DAGNONE and WAYNE DELILLO and ELIZABETH DELILLO**, known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged that he/she/they executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seals.

Place Seal Below

*Daniella M Stasolla*
Notary Signature

*Daniella M Stasolla*
Notary Printed Name

Commonwealth of Pennsylvania - Notary Seal
Danielle M. Stasolla, Notary Public
Monroe County
My commission expires July 28, 2025
Commission number 1403775
Member, Pennsylvania Association of Notaries

Title of Officer:  Notary Public

My Commission Expires: *July 28, 2025*

[ ] This notarial act involved the use of communication technology.

91004047v25.1
Page 2 of 2

Version  06_16_2025_13_00_07



**SUBORDINATE NOTE**

FHA Case Number 203 446-6106489 703

JUNE 16, 2025

129 WREN LN
BUSHKILL, PENNSYLVANIA 18324

## 1. PARTIES

"Borrower" means each person signing at the end of this Note and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of the U.S. Department of Housing and Urban Development and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY

In return for a loan received from the Lender, the Borrower promises to pay the principal sum of SEVENTEEN THOUSAND TWO HUNDRED SEVENTY AND 14/100THS (U.S. $17,270.14), to the order of the Lender.

**Notwithstanding the foregoing or any other provisions contained herein, if personal liability with respect to any amounts payable under the primary Note has been discharged in bankruptcy, Borrower and Lender understand and agree that nothing contained herein with respect to any amounts payable under this Note, shall be construed to impose personal liability to repay any such obligation in violation of such discharge. Borrower and Lender further understand and agree that to the extent that such personal liability with respect to any amounts payable under the primary Note has been discharged in bankruptcy, Borrower is entering into this Note voluntarily for the benefits to be obtained thereby and not as an affirmation of the debt evidenced by the primary Note, and that this Note, or any actions taken by the Lender in relation to this Note, does not constitute a demand for payment or any attempt to collect any such previously discharged obligation.**

## 3. PROMISE TO PAY SECURED

The Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if the Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

### (A) Time

On AUGUST 01, 2054, or, if earlier, when the first of the following events occurs:

(i) The Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary; or



(ii) The maturity date of primary Note has been accelerated, or

(iii) The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary.

**(B) Place**

Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 7th Street S.W., Washington, DC 20410 or any such other place as the Lender may designate in writing by notice to the Borrower.

## 5. BORROWER'S RIGHT TO PREPAY

The Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If the Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless the Lender agrees in writing to those changes.

## 6. WAIVERS

The Borrowers and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require the Lender to give notice to other persons that amounts due have not been paid.

## 7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all the amounts owed under this Note.

## 8. SEVERABILITY

If one section of this instrument is found to be void or unenforceable such determination shall not affect the validity or enforceability of other provisions, all of which shall remain in full force and effect.

BY SIGNING BELOW, the Borrower accepts and agrees to the terms and covenants contained in this Note.

_Elizabeth Dagnone_          Date: 6,27,2025
Borrower - ELIZABETH DAGNONE

_Wayne Delillo_          Date: 6,27,2025
Borrower - WAYNE DELILLO

91004008v24.1
Subordinate Note
Page 2 of 2

Version 08_16_2025_13_00_07

Recording Requested By/Return To:
LOANDEPOT.COM LLC
999 TECH ROW, #200
MADISON HEIGHTS, MI 48071
866-970-7105

This Instrument Prepared By:
LOANDEPOT.COM LLC
26642 TOWNE CENTRE DRIVE
FOOTHILL RANCH, CA 92610

Parcel Identification Number:
570-216-1161

———————————— [Space Above This Line For Recording Data] ————————————

Document Date: 6-27-2025
(date of execution)

# PARTIAL CLAIM MORTGAGE

FHA Case Number 203 446-6106489 703

**Property Address: 129 WREN LN, BUSHKILL, PENNSYLVANIA 18324**

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on the date of execution. The Mortgagor is ELIZABETH DAGNONE AND WAYNE DELILLO AND ELIZABETH DELILLO, whose address is 129 WREN LN, BUSHKILL, PENNSYLVANIA 18324 ("Borrower"). This Security Instrument is given to the Secretary of Housing and Urban Development, and whose address is 451 7th Street S.W., Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of SEVENTEEN THOUSAND TWO HUNDRED SEVENTY AND 14/100THS Dollars (U.S. $17,270.14).

Notwithstanding the foregoing or any other provisions contained herein, if personal liability with respect to any amounts payable under the primary Note has been discharged in bankruptcy, Borrower and Lender understand and agree that nothing contained herein with respect to any amounts payable under this Note, shall be construed to impose personal liability to repay any such obligation in violation of such discharge. Borrower and Lender further understand and agree that to the extent that such personal liability with respect to any amounts payable under the primary Note has been discharged in bankruptcy, Borrower is entering into this Note voluntarily for the benefits to be obtained thereby and not as an affirmation of the debt evidenced by the primary Note, and that this Note, or any actions taken by Lender in relation to

81001215v24.2
Version 06_16_2025_13_00_07

*(page 1 of 6)*



this Note, does not constitute a demand for payment or any attempt to collect any such previously discharged obligation.

This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on AUGUST 01, 2054.

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to Lender, with the power of sale the following described property located in PIKE County, PENNSYLVANIA:

LEGAL DESCRIPTION:
TRACT NO. 1 ALL THAT CERTAIN LOT, PARCEL OR PIECE OF GROUND SITUATE IN THE TOWNSHIP OF LEHMAN, COUNTY OF PIKE, AND STATE OF PENNSYLVANIA, BEING LOT NO. 579, SECTION NO. 2A AS SHOWN ON MAP OF POCONO MOUNTAIN LAKE ESTATES, INC., ON FILE IN THE RECORDER'S OFFICE AT MILFORD PENNSYLVANIA IN PLOT BOOK NO. 9, PAGE 40. TRACT NO. 2 ALL THAT CERTAIN LOT, PARCEL OR PIECE OF GROUND SITUATE IN THE TOWNSHIP OF LEHMAN, COUNTY OF PIKE, AND STATE OF PENNSYLVANIA, BEING LOT NO. 580, SECTION NO. 2A AS SHOWN ON MAP OF POCONO MOUNTAIN LAKE ESTATES, INC., ON FILE IN THE RECORDER'S OFFICE AT MILFORD, PENNSYLVANIA, IN PLOT BOOK NO. 9, PAGE 40. BEING THE SAME PROPERTY AS CONVEYED FROM GASPER GIORDANO, INDIVIDUALLY AND AS TRUSTEE OF GIORDANO FAMILY TRUST AND VITA GIORDANO (WIFE) INDIVIDUALLY AND AS TRUSTEE OF GIORDANO FAMILY TRUST TO ELIZABETH FABROCINO AND ELIZABETH DAGNONE, DAUGHTER AS SET FORTH IN DEED BOOK 2525 PAGE 799 DATED 06/02/2017, RECORDED 06/08/2017, PIKE COUNTY, PENNSYLVANIA PARCEL ID: 570-216-1161

Original Mortgage Amount: $132,275.00

Tax Parcel No.: 570-216-1161

which has the address of 129 WREN LN, BUSHKILL, PENNSYLVANIA 18324 ("Property Address").

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."



BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1. **Payment of Principal.** Borrower shall pay the principal of the debt evidenced by the Note when due.

2. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to Borrower, or any successor in interest of Borrower, shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy, under the Note or this Security Instrument shall not be a waiver of or preclude the exercise of any right or remedy.

3. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

4. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method.



The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: U.S. Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 7th Street S.W., Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

    **5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. If any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note that can be given effect without the conflicting provision. To this end, the provisions of this Security Instrument and the Note are declared to be severable.

    **6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS.

Borrower and Lender further covenant and agree as follows:

    **7. Remedies.**

    **(a) Notice of Default.** Lender will give a notice of default to Borrower following Borrower's breach of any covenant or agreement in this Security Instrument. The notice will specify, in addition to any information required by applicable law: (i) the default; (ii) the action required to cure the default; (iii) that failure to cure the default on or before the date specified in the notice may result in foreclosure by judicial proceeding and sale of the Property; and (iv) Borrower's right to deny in the foreclosure proceeding the existence of a default or to assert any other defense of Borrower to foreclosure.

    **(b) Foreclosure; Expenses.** If the default is not cured as specified in the notice, Lender may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding or in accordance with paragraph 7(c). To the extent allowed by applicable law, Lender will be entitled to collect all expenses incurred in pursuing its remedies, including, but not limited to: (i) reasonable attorneys' fees and costs; and (ii) other fees incurred to protect Lender's interest in the Property and/or rights under this Security Instrument.



(c) **Secretary's Remedies.** Notwithstanding the foregoing paragraphs (a)-(b), if the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property, as provided in the Act. Nothing in the preceding sentence will deprive the Secretary of any rights otherwise available to a Lender under this section 7 or applicable law.

8.   **Effect of Survival Events.** Both before and after any Survival Event, as defined below, Borrower will:
(a) if this Security Instrument is on a leasehold, comply with all the provisions of the lease;
(b) permit the collection and application of miscellaneous proceeds as required by this Security Instrument; and
(c) pay any collection expenses under this Security Instrument.

"Survival Event" means any of the following:
(aa) any default described in the Note;
(bb) Lender requiring Borrower to pay immediately the full amount of Principal which has not been paid and all the interest that Borrower owes on that amount under the Note;
(cc) Lender requiring immediate payment in full of all sums secured by this Security Instrument as described in the Note and in this Security Instrument;
(dd) the Maturity Date as defined in the Note;
(ee) the entry of any judgment against Borrower under the Note; and
(ff) the entry of any judgment under this Security Instrument.

9.   **Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed will terminate and become void. After such occurrence, Lender will discharge and satisfy this Security Instrument. Borrower will pay any recordation costs associated with such discharge and satisfaction. Lender may charge Borrower a fee for releasing the Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

10.   **Waivers.** Borrower, to the extent permitted by applicable law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) signed by Borrower and recorded with it.



Borrower - ELIZABETH DAGNONE

Execution Date: 6/27/2025

Borrower - WAYNE DELILLO

Execution Date: 6/27/2025

Borrower - ELIZABETH DELILLO

Execution Date: 06/27/2025

State of PENNSYLVANIA
County of Monroe
Enter County Here

On this, the 27 day of June, 2025, before me, the undersigned officer, personally appeared ELIZABETH DAGNONE and WAYNE DELILLO and ELIZABETH DELILLO, known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged that he/she/they executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seals.

Place Seal Below

Notary Signature

Commonwealth of Pennsylvania - Notary Seal
Daniella M. Stasolla, Notary Public
Monroe County
My commission expires July 28, 2025
Commission number 1403775
Member, Pennsylvania Association of Notaries

Daniella M Stasolla
Notary Printed Name

Title of Officer: Notary Public

My Commission Expires: July 28, 2025

[ ] This notarial act involved the use of communication technology.

81001215v24.2
Version 06_16_2025_13_00_07

(page 6 of 6)



# DOCUMENT CORRECTION AGREEMENT
## ("Agreement")

Loan Number: 1054879927 (the "Loan")

**AGREEMENT TO CORRECT MISSTATED DOCUMENTS AND TO PROVIDE ADDITIONAL DOCUMENTATION:** In consideration of LOANDEPOT.COM LLC providing the Partial Claim (the "Workout") as requested by the undersigned ("Borrower"), and regardless of the reason for any loss, misplacement, or inaccuracy in any of the enclosed documents, Borrower agrees as follows: If any document is lost, misplaced, misstated or inaccurately reflects the true and correct terms and conditions of the Workout, upon request of LOANDEPOT.COM LLC, the Borrower will comply with any request to execute, acknowledge, and deliver to LOANDEPOT.COM LLC any documentation ("Replacement Documents") LOANDEPOT.COM LLC deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). The Borrower agrees to deliver the Replacement Documents within ten (10) days after receipt by the Borrower of a written request for such replacement.

**REQUEST BY LOANDEPOT.COM LLC:** Any request under this Agreement made by LOANDEPOT.COM LLC, (including assignees and persons acting on behalf of LOANDEPOT.COM LLC), shall be <u>prima facie</u> evidence of the necessity for the same. A written statement addressed to the Borrower, first class postage prepaid, at the mailing address indicated in our records shall be considered conclusive evidence of receipt by the Borrower of the request for Replacement Documents.

**BORROWER LIABILITY:** If the Borrower fails or refuses to execute, acknowledge, and deliver the Replacement Documents to LOANDEPOT.COM LLC more than ten (10) days after being requested to do so by LOANDEPOT.COM LLC, the Borrower shall be liable for any and all loss or damage which LOANDEPOT.COM LLC reasonably sustains thereby, including, but not limited to, all reasonable attorneys' fees and costs incurred by LOANDEPOT.COM LLC. In addition, LOANDEPOT.COM LLC may elect to declare the Workout null and void in which case the loan shall return to the status as existed prior to the Workout. Any funds received by LOANDEPOT.COM LLC in conjunction with the Workout shall be retained by LOANDEPOT.COM LLC and applied to the loan as determined by LOANDEPOT.COM LLC in its discretion.

ELIZABETH DAGNONE      Execution Date: 6,27,2025

WAYNE DELILLO      Execution Date: 6 27 2025

ELIZABETH DELILLO      Execution Date: 6 27 25

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

WAYNE JOHN DELILLO | CHAPTER 13
a/k/a Wayne DeLillo |
a/k/a Wayne J. DeLillo |
and |
ELIZABETH ANNE DELILLO |
a/k/a Elizabeth A. DeLillo |
a/k/a Elizabeth DeLillo |
| CASE NO.  5-25-01538
Debtor(s) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**ORDER**</u>

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Upon consideration of Debtors' Motion to Approve Partial Claim:

**ORDERED**, that the Debtors' Motion to Approve Partial Claim is hereby

**GRANTED**; and it is further

**ORDERED**, that approval of the Partial Claim shall in no way continue a

violation of the automatic stay; and it is further

**ORDERED,** that Loandepot.com, LLC is granted permission to enter into

a Partial Claim with the Debtors.

Label Matrix for local noticing
0314-5
Case 5:25-bk-01538-MJC
Middle District of Pennsylvania
Wilkes-Barre
Wed Aug 13 23:09:13 EDT 2025

Exeter Finance LLC, c/o AIS Portfolio Servic
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

U.S. Bankruptcy Court
Max Rosenn U.S. Courthouse
197 South Main Street
Wilkes-Barre, PA 18701-1500

Atlas
300 Coventry Rd.
Berkeley, CA 94707-1214

CAPITAL ONE BANK USA
PO BOX 31293
SALT LAKE CITY, UT 84131-0293

CHILD SUPPORT ENFORCEM
40 N PEARL ST
ALBANY, NY 12207-2847

Credit One Bank
P.O. Box 98872
Las Vegas, NV 89193-8872

Elizabeth Anne DeLillo
129 Wren Lane
Bushkill, PA 18324-6972

Exeter Finance Corp.
P.O. Box 166008
Irving, TX 75016-6008

Exeter Finance LLC
AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Exeter Finance LLC c/o AIS Portfolio Service
4515 N Santa Fe Ave Dept APS
Oklahoma City, OK 73118-7901

LVNV FUNDING LLC
C/O RESURGENT CAPITAL SERVICES
GREENVILLE, SC 29602

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

(p)LAW OFFICE OF TULLIO DELUCA
381 N 9TH AVENUE
SCRANTON PA 18504-2005

Loan Depot
6531 Irvine Center Dr. Suite 100
Irvine, CA 92618-2145

Met-Ed
76 S. Main St. A-RPC
Akron, OH 44308-1812

NYC.HRA Office of Child Support Services
150 Greenwich St
40th fl
New York, NY 10007-5211

OneMain
601 NW 2nd Street
Evansville, IN 47708-1013

OneMain Financial
PO Box 3251
Evansville, IN 47731-3251

Pennsylvania Department of Revenue
Bankruptcy Division PO BOX 280946
Harrisburg, PA 17128-0946

Quantum3 Group LLC as agent for
Katapult Group Inc.
PO Box 788
Kirkland, WA 98083-0788

Quantum3 Group LLC as agent for
Sadino Funding LLC
PO Box 788
Kirkland, WA 98083-0788

Sparrow Financial
2550 E. Rose Garden Lane #71206
Phoenix, AZ 85050-7709

United States Trustee
US Courthouse
1501 N. 6th St
Harrisburg, PA 17102-1104

Wayne John DeLillo
129 Wren Lane
Bushkill, PA 18324-6972

loanDepot.com, LLC
5465 Legacy Drive, Suite 400
Plano, TX 75024-3192

(p)JACK N ZAHAROPOULOS
ATTN CHAPTER 13 TRUSTEE
8125 ADAMS DRIVE SUITE A
HUMMELSTOWN PA 17036-8625

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Law Office of Tullio DeLuca          Jack N Zaharopoulos              (d)Tullio DeLuca
381 N. 9th Avenue                    Standing Chapter 13                 381 N. 9th Avenue
Scranton, PA 18504                   (Trustee)                           Scranton, PA 18504
                                     8125 Adams Drive, Suite A
                                     Hummelstown, PA 17036
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)LOANDEPOT.COM, LLC                (d)Elizabeth Anne DeLillo          (d)Wayne John DeLillo
                                     129 Wren Lane                      129 Wren Lane
                                     Bushkill, PA 18324-6972            Bushkill, PA 18324-6972
```

```
End of Label Matrix
Mailable recipients    26
Bypassed recipients     3
Total                  29
```