UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| WAYNE JOHN DELILLO, | : | |
| AKA WAYNE J. DELILLO, | : | |
| AKA WAYNE DELILLO, AND | : | |
| ELIZABETH ANNE DELILLO, | : | |
| AKA ELIZABETH A. DELILLO, | : | |
| AKA ELIZABETH DELILLO, | : | CHAPTER 13 |
| Debtor(s) | : | |
| | : | |
| JACK N. ZAHAROPOULOS, | : | |
| CHAPTER 13 TRUSTEE, | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| WAYNE JOHN DELILLO, | : | |
| AKA WAYNE J. DELILLO, | : | |
| AKA WAYNE DELILLO, AND | : | |
| ELIZABETH ANNE DELILLO, | : | |
| AKA ELIZABETH A. DELILLO, | : | |
| AKA ELIZABETH DELILLO, | : | |
| Respondent(s) | : | CASE NO. 5:25-bk-01538-MJC |

TRUSTEE'S OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN

AND NOW, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Agatha R. McHale, Esquire, and objects to confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1.      Child Support Arrears – Priority – Plan does not pay Claim No. 7 by NYC.HRA Office of Child Support Services as required by § 1322(a)(2) of the Bankruptcy Code.

2.      Debtor(s)' Plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, Debtor(s) has/have excess non-exempt equity in the following:

   a. Residential real estate. The Trustee has requested proof of the value of Debtor(s)' home as stated in his/her/their schedules. Trustee believes and therefore avers that Debtors must sign an agreement to toll the statute limitations or transfer 129 Wren Lane real estate back to Debtor/Wife's name alone to protect the creditors until their claims are paid in full under the Plan.

WHEREFORE, Trustee alleges and avers that the Plan cannot be confirmed, and therefore, Trustee prays that this Honorable Court will:

a. deny confirmation of Debtor(s)' Plan;
b. dismiss or convert Debtor(s)' case; and
c. provide such other relief as is equitable and just.

Dated: September 10, 2025

Respectfully submitted:

/s/ Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY:  /s/ Agatha R. McHale, Esquire
Attorney for Trustee

<u>CERTIFICATE OF SERVICE</u>

        I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Tullio DeLuca, Esquire
381 North 9th Avenue
Scranton, PA 18504

Dated: September 10, 2025

/s/ Matthew Harnsberger, Legal Assistant
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee